UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

Ville Platte Med. Cntr. Inc., et al          Civil Action 04-0872

versus                                       Judge Tucker L. Melançon

Ricky Paul M.D.                              Magistrate Judge Methvin

**MEMORANDUM ORDER**

Before the Court is Ville Platte Medical Center, Inc.'s Objection In Part To Magistrate's Ruling On Motion To Compel [Rec. Doc. 66], which was entered on June 6, 2005. Ville Platte Medical objects in part to the Magistrate Judge's ruling granting defendant's motion to compel Ville Platte Medical to produce documents related to quality assurance on the basis that Ville Platte Medical's failure to timely object to the discovery constituted a waiver of any objection thereto. *Magistrate Judge's Minute Entry entered June 6, 2005.*

Rule 72(a) of the Federal Rules of Civil Procedure governs the review of Magistrate Judge Orders by district court judges. Rule 72(a) provides in pertinent part that:

> "[w]ithin 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order....The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.
 Fed.R.Civ.P. 72(a)."

A pretrial discovery motion is non-dispositive and is subject to a "clearly erroneous

or contrary to law" standard of review by the district court. *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir.1995). In applying this "clearly erroneous or contrary to law" standard, a district court shall affirm the decision of the magistrate judge unless, based on all of the evidence, the court is left with a definite and firm conviction that the magistrate judge made a mistake. *See Moody v. Callon Petroleum Operating Co.*, 37 F.Supp.2d 805, 807 (E.D.L.A.1999)(citing *United States v. United States Gypsum Co.*, 333 U.S. 364 (1948)).

In its objection, Ville Platte Medical contends that under Louisiana Revised Statutes 13:3715.3 and 44:7(D), documents generated by quality assurance committees are immune from discovery, and therefore, it should not be required to produce "all documents containing evidence of the hospital's policy making, potential remedial action, and self critical analysis, with regard to quality assurance issues." Defendant maintains that Ville Platte Medical does not enjoy blanket immunity from discovery under Louisiana law.

The Louisiana Supreme Court in *Smith v. Louisiana Health and Human Resources Admin.*, 477 So.2d 1118 (La.1985) considered to what extent hospital committee records are protected by the pertinent statutes and determined that policy making and personnel areas are within the protected scope. "Nevertheless, when a plaintiff seeks information relevant to his case that is not information regarding the action taken by a committee or its exchange of honest self-critical study but merely factual accountings of otherwise discoverable facts, such information is not protected

by any privilege as it does not come within the scope of information entitled to that privilege. This does not mean that the plaintiff is entitled to the entire study, as such study may contain evidence of policy making, remedial action, proposed courses of conduct, and self-critical analysis which the privilege seeks to protect in order to foster the ability of hospitals to regulate themselves unhindered by outside scrutiny and unconcerned about the possible liability ramifications their discussions might bring about. As such, the trial court must make an in camera inspection of such records and determine to what extent they may be discoverable." *Smith v. Lincoln General Hosp.*, 605 So.2d 1347, 1348 (La. 1992); *See also, Gauthreaux v. Frank*, 656 So.2d 634, 634 (La. 1995).

Upon reviewing the Magistrate Judge's orders in this case, as well as the entire record before the Court, Ville Platte Medical Center's objection and defendant's response thereto, the Court concludes that the Magistrate Judge applied the appropriate legal standards to the issues raised and did not make any clear error in her rulings. Accordingly,

IT IS ORDERED that Ville Platte Medical Center, Inc.'s Objection In Part To Magistrate's Ruling On Motion To Compel is DENIED [Rec. Doc. 66] and Magistrate Judge Mildred E. Methvin's June 6, 2005 Order [Rec. Doc.] shall not be disturbed;

In light of Ville Platte Medical's concerns under 13:3715.3,

IT IS FURTHER ORDERED that in the event Ville Platte Medical objects to

the production of documents which are exempt under Louisiana Revised Statute 13:3715.3 and the jurisprudence cited in the foregoing, Ville Platte Medical may move that the Magistrate Judge make an in camera inspection of such documents and determine to what extent they may be discoverable. Any such motion must be filed within ten days of the entry of this Memorandum Order.

Thus done and signed this 1st day of August, 2005 at Lafayette, Louisiana.

_____
Tucker L. Melançon
UNITED STATES DISTRICT JUDGE